# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jose R. Salazar Castaneda, | ) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Swanson & Youngdale, Job Services North Dakota, | ) Case No. 1:16-cv-337 |
| Defendants. | ) |

The plaintiff, Jose R. Salazar Castaneda ("Castaneda"), initiated the above-entitled action *pro se* and *in forma pauperis* on September 19, 2016. The court conducted a pre-service review of Castaneda's complaint pursuant to 28 U.S.C. § 1915(e)(2). Thereafter, on November 17, 2016, the court issued an order to show cause that stated in relevant part the following:

> There are a number of problems with Castaneda's complaint. The most fundamental problem is that he has not alleged a basis for the court's jurisdiction. For example, absent from the complaint are any allegations that would support this court's exercise of diversity jurisdiction under 28 U.S.C. § 1332. Also, he has not invoked federal question jurisdiction under 28 U.S.C. § 1331, much less alleged a violation of federal law or the United States Constitution. In fact, while his complaint is somewhat difficult to follow, it appears that essentially what he seeks is for this court to review the administrative denial of his claim for state unemployment benefits by Job Service of North Dakota.
>
> A second problem for Castaneda's claim is that, even if he alleged a basis for this court's jurisdiction, this court would likely decline to hear the case because (1) resolution of the case would entail adjudication of questions of state law in a context where federal intervention would be disruptive of state efforts to establish uniform and coherent local policies, and (2) adequate state court review is available, see N.D.C.C. § 52-06-27.1 In this type of situation, the United States Supreme court has instructed that federal courts should decline the exercise of jurisdiction under the abstention doctrine that is derived from the seminal case of <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315 (1943).
>
> The <u>Burford</u> doctrine requires that "[w]here timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are 'difficult

1

questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar'; or (2) where the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 361(1989) (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976)). At its core, the Burford doctrine is meant to prevent federal courts from "resolving issues of state law and policy that are committed in the first instance to expert administrative resolution." Adrian Energy Assoc. v. Michigan Pub. Serv. Comm'n, 481 F.3d 414, 423 (2007).

In summary, Castaneda's complaint is subject to dismissal for failing to allege a basis for this court's jurisdiction. Further, even if the complaint was amended to include appropriate jurisdictional allegations, the court is likely to abstain from hearing the case given that it is an attack on a state administrative agency determination that is enforcing a regulatory program for which the State interest in having a uniform and coherent policy is strong and given that appeal to the state courts is available. However, because Castaneda has not had an opportunity to weigh in on these matters, he will be given an opportunity to show cause why this complaint should not be dismissed as well as an opportunity to correct the jurisdictional defects.

(Docket No. 9) (footnotes omitted).

On December 12, 2016, Castaneda filed a response to the court's order to show cause. Therein he agreed to the dismissal of his claims Job Service North Dakota. However, he ostensibly objected to the dismissal of his discrimination claim against his former employer, Swanson & Youngsdale.

There being no objection from Castaneda, his claims against Job Service North Dakota are **DISMISSED**. The court next turns to Castaneda's statements regarding Swanson & Youngdale.

Put bluntly, the court did not discern a claim of employment discrimination when conducting its pre-service review of the pleadings in this case. And for good reason. The central focus of Castaneda's complaint and the attachments was on the issue of employment insurance benefits and his claimed entitlement to them. His complaint made no mention of employment discrimination other than a fleeting reference in his prayer for relief for alleged "sexual harassment [he] was put

2

through at the oil field with co-workers." (Docket No. 5).

When determining whether the complaint states a claim, the court must look to Fed. R. Civ. P. 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Also, the court must consider the Supreme Court's admonition that pro se complaints are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam). While these pleadings requirements are minimal and do not require a detailed recitation of the facts, even a *pro se* litigant must state enough in terms of the facts and grounds for relief to give the defendant fair notice of what the claim is and to indicate that the right to relief is at least plausible, even if the chances for success are remote. Id.; see also Hughes v. Banks, 290 Fed. App'x 960 (8th Cir.2008) (stating that even a *pro se* complaint must allege sufficient facts to support claims advanced); Carter v. Hassel, 316 Fed. App'x 525 (8th Cir. 2008) (allegations insufficient to describe the violation of a constitutional right with respect to certain of the claims); Kozikowski v. C.I.R., 258 Fed. App'x 60 (2007) (unpublished per curiam) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 for the proposition that a complaint must plead enough facts to state a claim for relief that is plausible and dismissing a pro se complaint); cf. Bell Atlantic Corp. v. Twombly, supra.

In construing the complaint, the court must weigh all factual allegations in the plaintiff's favor, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (court may disregard factual allegations that are clearly baseless, fanciful, fantastic, or delusional); Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989), for the proposition that a complaint is frivolous if it lacks an arguable basis in fact or is

3

based on an indisputable meritless legal theory).  Just because a plaintiff is proceeding *pro se*, does not mean that the court is required to ignore facts pled in the complaint when they undermine the plaintiff's claim.  The court may accept as true all facts pled in the complaint and conclude from them that there is no claim stated as a matter of law.  E.g., Edwards v. Snyder, 478 F.3d at 830; Thompson v. Ill. Dep'tt of Prof'l Regulation, 300 F.3d 750, 753-754 (7th Cir. 2002) (citing other cases).

In this case, Castaneda's stray, conclusory reference to sexual harassment is insufficient to state a claim for relief under the pleading requirements set forth above.  Before taking action, the court shall afford Castaneda the opportunity file an amended complaint setting forth in detail the basis for his employment discrimination claim.

Accordingly, Castaneda is granted leave to file an amended complaint.  Castaneda shall have until January 13, 2017, to file an amended complaint that sets forth in his claim(s) against Swanson & Youngdale.  Any amended complaint filed by Castaneda will be subject to a pre-service screening upon receipt.

**IT IS SO ORDERED.**

Dated this 21st day of December, 2016.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court