# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jose R. Salazar Castaneda, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Swanson & Youngdale, et. al., | ) | Case No. 1:16-cv-337 |
| | ) | |
| Defendants. | ) | |

The plaintiff, Jose R. Salazar Castaneda ("Castaneda"), initiated the above-entitled action *pro se* and in *forma pauperis* on September 19, 2016.[1] The court conducted a pre-service review of Castaneda's complaint pursuant to 28 U.S.C. § 1915(e)(2). Thereafter, on November 17, 2016, the court issued an order to show cause why it should not dismiss Castaneda's complaint for failing to allege a basis for this court's jurisdiction.

On December 12, 2016, Castaneda filed a response to the court's order to show cause in which he agreed to the dismissal of his claims Job Service North Dakota but objected to the dismissal of his discrimination claim against his former employer, Swanson & Youngdale.

On December 21, 2016, the court issued an order that provided in relevant part the following:

> There being no objection from Castaneda, his claims against Job Service North Dakota are **DISMISSED**. The court next turns to Castaneda's statements regarding Swanson & Youngdale.
> Put bluntly, the court did not discern a claim of employment discrimination when conducting its pre-service review of the pleadings in this case. And for good reason. The central focus of Castaneda's complaint and the attachments was on the issue of employment insurance benefits and his claimed entitlement to them. His complaint made no mention of employment discrimination other than a fleeting

---

[1] On October 4, 2016, Castaneda filed notice of his consent to the undersigned's exercise of jurisdiction over this matter. (Docket No. 7).

reference in his prayer for relief for alleged "sexual harassment [he] was put through at the oil field with co-workers." (Docket No. 5).

When determining whether the complaint states a claim, the court must look to Fed. R. Civ. P. 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Also, the court must consider the Supreme Court's admonition that pro se complaints are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam). While these pleadings requirements are minimal and do not require a detailed recitation of the facts, even a pro se litigant must state enough in terms of the facts and grounds for relief to give the defendant fair notice of what the claim is and to indicate that the right to relief is at least plausible, even if the chances for success are remote. Id.; see also Hughes v. Banks, 290 Fed. App'x 960 (8th Cir.2008) (stating that even a pro se complaint must allege sufficient facts to support claims advanced); Carter v. Hassel, 316 Fed. App'x 525 (8th Cir. 2008) (allegations insufficient to describe the violation of a constitutional right with respect to certain of the claims); Kozikowski v. C.I.R., 258 Fed. App'x 60 (2007) (unpublished per curiam) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 for the proposition that a complaint must plead enough facts to state a claim for relief that is plausible and dismissing a pro se complaint).

In construing the complaint, the court must weigh all factual allegations in the plaintiff's favor, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (court may disregard factual allegations that are clearly baseless, fanciful, fantastic, or delusional); Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989), for the proposition that a complaint is frivolous if it lacks an arguable basis in fact or is based on an indisputable meritless legal theory). Just because a plaintiff is proceeding *pro se*, does not mean that the court is required to ignore facts pled in the complaint when they undermine the plaintiff's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim stated as a matter of law. E.g., Edwards v. Snyder, 478 F.3d at 830; Thompson v. Ill. Dep'tt of Prof'l Regulation, 300 F.3d 750, 753-754 (7th Cir. 2002) (citing other cases).

In this case, Castaneda's stray, conclusory reference to sexual harassment is insufficient to state a claim for relief under the pleading requirements set forth above. Before taking action, the court shall afford Castaneda the opportunity file an amended complaint setting forth in detail the basis for his employment discrimination claim Accordingly, Castaneda is granted leave to file an amended complaint. Castaneda shall have until January 13, 2017, to file an amended complaint that sets forth in his claim(s) against Swanson & Youngdale. Any amended complaint filed by Castaneda will be subject to a pre-service screening upon receipt.

(Docket No. 11).

Castaneda's deadline for filing an amended complaint has lapsed. Notably, he has neither

filed an amended complaint addressing the pleading deficiencies identified by the court nor otherwise requested additional time to do so. Thus, the operative pleading in this case is the complaint originally filed by Castaneda, which the court previously concluded failed to set forth a cognizable claim against Swanson & Youngdale. Accordingly, the court **DISMISSES** the remainder of this action as it pertains to Swanson & Youngdale **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

Dated this 1st day of February, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court